Smith, J.
We think it clear that Coddington had a perfect right to appeal this case, and to bring into this court all of the parties to the action, and that the case stands for hearing here upon all of the issues made in the Court of Common Pleas. At the commencement of the suit the legal title to the real estate in question was in Coddington. The action was brought by Wolf claiming that he Coddington had not the absolute title thereto, . but only held it as security for certain advances made by Coddington to Wolf, and that in equity he had simply a lien in the nature of a mortgage for the amount so advanced, with interest, and the prayer was that an account be stated between them, and the amount due from Wolf to Coddington be ascertained. During the pendency of the action, Coddington conveyed the land to his wife, who was then a party defendant to the action-with her husband, by a general warranty deed. The court decreed that Coddington only held the land as security for the amount due, and fixed that amount and ordered the land sold to pay it, and adjudged that Coddington pay one half of the costs.
Surely Coddington had a right to appeal from this decree. The judgment against him for costs, standing by itself, would entitle him to the appeal. But he bad the further right to appeal from the decree finding that he did not have the absolute title and that he only held it as security for advances, and from the decree finding the state of the account. Those were matters vitally affecting him. The conveyance of the property by him to his wife pending the suit, cannot in any way affect the rights of the plaintiff, and we do not see how it deprives the original owner from litigating the issues made by him in the case,either in the court in which it is pending when he made the transfer, or in a *263 court to which he tabes it by appeal. He has the right, in the appellate court, still to claim that he was the absolute owner of the land when the suit wasjcommenced, or that the decree of the court as to the amount due him from Wolf, was too small or too large, and that thereby his liability on his covenant of warranty might improperly be affected, and we think that this is warranted by the terms of Section 5012, Rev. Stat., which provide, that “upon any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made, to be subtituted for him.'1’ No such substitution was made in this case, and in our view Coddington was warranted to defend in the common pleas, and to appeal the case to the circuit court, and again try the questions there. The motion will therefore be overruled.
Millilcin, Shotts & Millikin, for motion.
Judge Hume, contra.